428 APPELLATE COURTS OF ILLINOIS.

Kruszczynski v. Hamler Boiler and Tank Co., 185 Ill. App. 428.

---

## Leon Kruszczynski, Appellee, v. Hamler Boiler and Tank Company, Appellant.

### Gen. No. 18,609. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, Presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 11, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Leon Kruszczynski against Hamler Boiler and Tank Company to recover for personal injuries sustained by plaintiff while in defendant's employ. From a judgment for plaintiff for four thousand dollars, defendant appeals.

BULKLEY, GRAY & MORE, for appellant.

S. P. DOUTHART and GUERIN, GALLAGHER & BARRETT, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Kruszczynski v. Hamler Boiler and Tank Co., 185 Ill. App. 428.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 376*—*when employe does not assume risk.* Where an employe was injured while pushing from a truck a heavy steel plate laid on loose railroad rails on the truck, by the falling of one of the rails, under evidence that plaintiff did not know that the rails were not securely fastened, and had never before assisted in the loading of the truck, it was *held* that the risk was not assumed as a matter of law.

2. MASTER AND SERVANT, § 238*— *when employe vice principal though without power to hire or discharge.* Where, in the absence of the regular foreman, the duty of directing the character of work to be performed by plaintiff and the manner of its performance was entrusted to a fellow-employe, whose directions plaintiff was bound to obey, it was *held* that the mere fact that such employe had no authority to hire and discharge men did not necessarily make him other than a vice principal, and the question was for the jury.

3. MASTER AND SERVANT, § 410*—*when employe obeying orders does not assume risk.* Where under the evidence the jury would be justified in finding that the proximate cause of injury to an employe was the giving of a peremptory and negligent order by one performing the functions of a vice principal, the defense of assumed risk is not available, although it would have been in the absence of such order.

4. MASTER AND SERVANT, § 190*—*when master liable for negligent orders of vice principal.* Where an employe was injured by the falling of a rail laid loosely on a truck upon which had been placed a heavy plate for the purpose of being moved, it was *held* that while the mere fact that the rails had not been fastened securely to the truck might not justify a finding of negligence against the master, the latter could not escape liability on that ground, where the evidence tended to show that the accident was due to the fact that the plate instead of being lifted off the truck was pushed or shoved off, pursuant to the peremptory order of a vice principal, thereby causing the loose rail upon which the plate had been placed to fall.

5. APPEAL AND ERROR, § 1518*—*when disregard of erroneous instruction will not reverse.* A verdict which is in accordance with the law and the evidence will not be disturbed although it is contrary to erroneous instructions given at the request of the party against whom the verdict is rendered.

6. MASTER AND SERVANT, § 220*—*when master liable notwithstanding concurrent negligence of fellow-servant.* Where there was evidence tending to show that defendant was negligent in failing to exercise reasonable care to provide a reasonably safe truck with reasonably safe appliances for the performance of the work in

*See Illinoi; Notes Digest, Vols. XI to XV, same topic and section number.

which plaintiff was engaged, as a result of which a loose rail on the truck fell on plaintiff, a verdict for him will not be disturbed because the negligence of a fellow-servant in assisting in unloading the truck may have contributed to the injury.